IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANDRES EUGENIO POLANCO-BERROA,

Defendant.

CRIMINAL NO. 05-004 (JAG)

**REPORT AND RECOMMENDATION**

Defendant Andrés Eugenio Polanco-Berroa was charged in a three (3) counts Indictment wherein Count One charges him with "from on or about December 13, 2005, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this court, the defendant herein, did knowingly and intentionally combine, conspire, and agree with one another to commit an offense against the United States, that is, to possess with intent to distribute one hundred (100) kilograms of marijuana, that is, approximately one hundred eighty nine point three (189.3) kilograms of marijuana, a Schedule I, Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846."

Count Two charges defendant with "from on or about December 12, 2005, in the District of Puerto Rico, elsewhere, and within the jurisdiction fo this court, the defendant herein, aiding and abetting one another, did knowingly and intentionally possess with intent to distribute one hundred (100) kilograms of marijuana, that is, approximately one hundred eighty nine point three (189.3) kilograms of marijuana, a Schedule I, Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2."

<u>United States v. Andrés Eugenio Polanco-Berroa</u>
Criminal No. 05-004 (JAG)
Report and Recommendation
Page No. 2

Count Three charges defendant with "from on or about December 12, 2005, in the District of Puerto Rico, elsewhere, and within the jurisdiction fo this court, the defendant herein, aiding and abetting one another, did knowingly and intentionally import from a place outside thereof, that is, the Dominican Republic, one hundred (100) kilograms of marijuana, that is, approximately one hundred eighty nine point three (189.3) kilograms of marijuana, a Schedule I, Narcotic Controlled Substance, in violation of Title 21, <u>United States Code</u>, Section 952(a) and Title 18, <u>United States Code</u>, Section 2."

Defendant appeared before this Magistrate Judge on November 7, 2005, since the Rule 11 hearing was referred by the court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One, Two and Three of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v. Andrés Eugenio Polanco-Berroa
Criminal No. 05-004 (JAG)
Report and Recommendation
Page No. 3

      Having further advised defendant of the charges contained in above-stated Counts One, Two and Three he was examined and verified as being correct that: he had consulted with his counsel, AFPD Joannie Plaza, prior to the hearing, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

      Defendant was specifically appraised by this Magistrate Judge that, upon now entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

United States v. Andrés Eugenio Polanco-Berroa
Criminal No. 05-004 (JAG)
Report and Recommendation
Page No. 4

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Plaza, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty for Counts One, Two and Three. For each count, the maximum penalty is a term of not less than five (5) and not more than forty (40) years of imprisonment, a fine not to exceed two million dollars ($2,000,000.00), and a supervised release term of not less than four (4) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement under FRCP 11(c)(1)(A) and (B)" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One, Two and Three as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for

United States v. Andrés Eugenio Polanco-Berroa
Criminal No. 05-004 (JAG)
Report and Recommendation
Page No. 5

said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement appears on pages four to five (4-5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties have agreed that the Base Offense Level of twenty six (26) will be reduced by three (3) levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a); and reduced by two (2) levels for compliance with the safety valve pursuant to U.S.S.G. § 5C1.2(a)[2], for a total offense level of twenty one (21), with a sentencing range of thirty seven (37) to forty six (46) months of imprisonment. The government agreed to recommend to the Court a sentence equivalent to the lower end of the Sentencing Guidelines, that is, thirty seven (37) months.

The parties do not stipulate as to any Criminal History Category for the defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware of the applicability of the recent decisions of United States v. Booker and United States v. Fanfan, 503 U.S. —, 125 S.Ct. 738 (2005) in that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which

---

[2] Defendant has already complied with the requirements to satisfy the safety valve provision. Therefore, there was no need to further elaborate on the requirements to satisfy the safety valve at the Rule 11 hearing.

United States v. Andrés Eugenio Polanco-Berroa
Criminal No. 05-004 (JAG)
Report and Recommendation
Page No. 6

may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Statement of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not

United States v. Andrés Eugenio Polanco-Berroa
Criminal No. 05-004 (JAG)
Report and Recommendation
Page No. 7

accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

Defendant was read in open court and shown the Indictment, provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One, Two and Three was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One, Two and Three of the Indictment in Criminal No. 05–004 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One, Two and Three of the Indictment in Criminal No. 05-004 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing date will be February 10, 2006 at 10:30 AM before Honorable Jay García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 7th day of November of 2005.

                                             **s/ CAMILLE L. VELEZ-RIVE**
                                             **CAMILLE L. VELEZ-RIVE**
                                             **UNITED   STATES   MAGISTRATE   JUDGE**

---

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph eighteen (18) a waiver of appeal.